UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CONNIE MARIE AARON, et al.,         )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   Case No. 4:11CV1661 FRB
                                    )
IVAN G. MARTIN,                     )
                                    )
        Defendant.                  )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion For Judgment On The Pleadings, Or In The Alternative, Motion To Strike (Docket No. 66), filed by defendant/counter-claimant Ivan G. Martin.  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiffs Connie Marie Aaron and Robert James Aaron, Jr. brought this action against Mr. Martin alleging personal injury arising from an automobile accident that occurred on or about September 28, 2006 on eastbound Interstate Highway 70 in Warren County, Missouri.  Mr. Martin subsequently filed a two-count Counterclaim against plaintiff Robert James Aaron, Jr., alleging entitlement to contribution and indemnity due to negligence on the part of Mr. Aaron.

Mr. Aaron's response to Mr. Martin's Counterclaim included a number of affirmative defenses.  One of those, identified by the parties as affirmative defense "D," asserts the

affirmative defense of waiver and estoppel, inasmuch as Mr. Martin had "paid in full to Aaron the property damage resulting from the collision, and therefore has waived any claim to contribution or indemnification and is estopped from asserting same." (Docket No. 52 at page 2).

The instant motion is directed solely to affirmative defense D. Proceeding alternately under Rule 12(c) and (f), Mr. Martin seeks judgment on the pleadings and alternately asks this Court to strike affirmative defense D. In support, Mr. Martin argues that affirmative defense D is not legally sufficient to bar or prevent the Counterclaim because, under both R.S.Mo. 490.710 and Fed.R.Evid. 408, evidence of a prior or partial settlement or payment of a claim is not admissible into evidence to establish liability. In response, Mr. Aaron argues that Mr. Martin has not denied the fact that he paid Mr. Aaron for property damage resulting from the collision, and also argues that Mr. Martin's motion is premature. Mr. Aaron relies upon <u>Mathis v. Jones Store Co.</u>, 952 S.W.2d 360 (Mo. Ct. App. 1997) and <u>Keith v. Burlington Northern R. Co.</u>, 889 S.W.2d 911, 925 (Mo. Ct. App. 1994) for the proposition that the purpose of § 490.710 is to prevent a double recovery from one loss, and that the party seeking to prevent double recovery must establish that the payment made was predicated on possible tort liability. Mr. Aaron notes that the payment was for property damage and the case at bar concerns personal injury, and argues that there is no evidence that Mr. Martin's payment was predicated on possible tort liability as required by § 490.710

R.S.Mo., and that it remains to be discovered what Mr. Martin's intent was when he made the payment. Mr. Aaron also argues that the reasonable inference to be drawn from Mr. Martin's payment is that "Martin, in paying [Mr. Aaron] in full for his property damage, intentionally waived his right to assert that Plaintiff was in any way at fault or contributed to the accident." (Id. at 5). Mr. Aaron also argues that "[i]n this case the purpose of the payment for 100% of the property damage could arguably illustrate 100% fault for the accident at issue." (Id. at 2).

The Federal Rules of Civil Procedure provide two ways for a party to challenge the sufficiency of an affirmative defense: a motion for judgment on the pleadings under Rule 12(c), or a motion to strike under Rule 12(f). Rule 12(f) is "the primary procedure for objecting to an insufficient defense." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civ. § 1380 (3d ed. 2012). Under Rule 12(f), the Court may (inter alia) strike an insufficient defense from a pleading, and may do so upon a party's timely motion or upon its own initiative.

Although technically untimely under Rule 12(f)(2), the instant motion is well-taken.

> The authority given the court by [Rule 12(f)(1)] to strike an insufficient defense on its own initiative at any time has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper. This judicial discretion is appropriate since in many instances a motion to strike redundant, impertinent, immaterial, or scandalous matter is designed to eliminate allegations from the pleadings that might cause prejudice at some

later point in the litigation.

Id.; see also Lunsford v. U.S., 570 F.2d 221, 227 n.11 (8th Cir. 1977) (noting that even though the motion to strike certain affirmative defenses was not made within the time limits established by Fed.R.Civ.P. 12(f), the District Court had the authority to consider the motion and to strike material from the pleadings on its own initiative); Wine Markets Intern., Inc. v. Bass, 177 F.R.D. 128, 133 (E.D.N.Y. 1998) (considering a motion to strike that was untimely filed and explaining that the court "is clearly given the authority, at any time, to consider a motion to strike even if made" outside the time provided by Rule 12(f)).

When ruling a motion to strike, "the Court must 'view the pleadings in the light most favorable to the pleader.'" Morgan v. Midwest Neurosurgeons, LLC, 2011 WL 2728334 at *2 (quoting Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008)). An affirmative defense should not be stricken "unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief." Id. (internal quotation marks and citations omitted); see also Lunsford v. U.S., 570 F.2d 221, 229 (C.A.S.D. 1977) (motion to strike a defense will be denied if defense is sufficient as a matter of law or fairly presents a question of law or fact which the court ought to hear).  In addition, the party seeking to strike must show that it is prejudiced by the inclusion of the affirmative defense or that the defense's inclusion confuses the issues.  Morgan, 2011 WL

2728334, at *2.  "If there is any doubt whether the matter may raise an issue, the motion [to strike] should be denied." Southwestern Bell Telephone, L.P. v. Missouri Public Service Com'n, 461 F.Supp.2d 1055, 1064 (E.D. Mo. 2006).

With the foregoing standards in mind, having considered the instant motion, the undersigned concludes that affirmative defense D cannot succeed under any circumstances, and that Mr. Martin has successfully demonstrated that he would be prejudiced should Mr. Aaron be allowed to proceed with affirmative defense D. In affirmative defense D, Mr. Aaron seeks to introduce evidence that Mr. Martin made a payment to Mr. Aaron stemming from the collision, and by virtue thereof established his liability for the collision and waived his right to/is estopped from claiming that Mr. Aaron bore any liability for the collision.  In his response to the instant motion, Mr. Aaron argues that Mr. Martin's payment could illustrate 100% fault for the accident at issue.

As Mr. Martin correctly states, federal and Missouri state law provide that evidence of a prior or partial settlement or payment of a claim is not admissible to establish liability. Fed. R. Evid. 408; R.S. Mo. § 490.710; Weems v. Tyson Foods, Inc., 665 F.3d 958, 967 (8th Cir. 2011); Taylor v. Yellow Cab Co., 548 S.W.2d 528 (Mo. 1977).  While Mr. Aaron relies upon Mathis and Keith, those decisions are irrelevant to the issue raised by the instant motion.  In both Mathis and Keith, the Missouri Court of Appeals addressed whether § 490.710(2) was intended to prevent a double recovery by allowing a payment described in § 490.710(1) to be

deducted from the final judgment, not whether § 490.710(1) prohibited the admission of evidence of a payment of damages to establish liability.  Mathis, 952 S.W.2d at 368-69; Keith, 889 S.W.2d at 925.  As Mr. Martin correctly notes, the Missouri Supreme Court has observed that § 490.710 disallows the introduction of evidence of payments to establish liability in order to remove the concern "about making a partial payment without extinguishing the claim.  The concern was that if the claim was not finally settled and suit was filed the Plaintiff might be allowed to put the partial payment in evidence before the jury and thereby cause the jury to think that the Defendant must have been at fault since otherwise he would not have paid anything at all prior to suit." Taylor v. Yellow Cab Co., 548 S.W.2d 528, 532-33 (Mo. 1977).

In addition, as Mr. Martin notes, federal law provides that "furnishing, promising, or offering -- or accepting, promising to accept, or offering to accept -- a valuable consideration in compromising or attempting to compromise the claim" is not admissible by any party to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."  Fed.R.Evid. 408(a)(1); see also Weems v. Tyson Foods, Inc., 665 F.3d 958, 967 (8th Cir. 2011). Rule 408 only prohibits admitting compromise evidence relating to a claim that was disputed when the settlement negotiations or offer to compromise took place.  Weems, 665 F.3d at 967 (citing Crues v. KFC Corp., 768 F.2d 230, 233 (8th Cir. 1985)).  In response to the instant motion, Mr. Aaron does not address Rule 408, much less

- 6 -

argue that Mr. Martin's payment was unrelated to the disputed claim, nor does it seem apparent from the record that Mr. Martin's payment was anything other than related to the disputed claim. A dispute "need not crystallize to the point of threatened litigation" for the Rule 408 exclusion rule to apply. Id. (internal citations omitted). As Mr. Martin argues, the payment was made to resolve or satisfy a claim for damages stemming from the collision. The undersigned has no difficulty concluding that Mr. Aaron's claim against Mr. Martin was in dispute when Mr. Martin made the payment.

Nor can there be any question as to the reason Mr. Aaron seeks to admit evidence of Mr. Martin's payment. While Rule 408 allows the admission of such evidence for purposes other than to establish liability, such as "proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution," Fed.R.Evid. 408(b), Mr. Aaron does not argue, nor does it seem apparent, that any of those exceptions apply here. Based upon the language of affirmative defense D and Mr. Aaron's arguments in opposition to the instant motion, Mr. Aaron seeks to use Mr. Martin's payment as evidence of Mr. Martin's liability for the collision at issue. Mr. Martin has demonstrated that he would suffer prejudice should Mr. Aaron be allowed to proceed on affirmative defense D and introduce Mr. Martin's payment as evidence of his liability for the collision. The undersigned is convinced that there are no questions of fact, and that all

questions of law are clear and that affirmative defense D cannot succeed under any circumstances.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that, to the extent it seeks to strike affirmative defense D from plaintiff/counterclaim defendant Robert James Aaron, Jr.'s Answer To Defendant's Counterclaim, Defendant's Motion For Judgment On The Pleadings, Or In The Alternative, Motion To Strike (Docket No. 66) is granted.

**IT IS FURTHER ORDERED** that affirmative defense D is stricken from Robert James Aaron, Jr.'s Answer To Defendant's Counterclaim.

_____
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of February, 2013.